### CITY OF MIAMI BEACH v. LIFTER, et al.

Municipal Court of Miami Beach.

December 26, 1952.

Milton Robbins, Assistant City Attorney, and Irving Cypen, both of Miami Beach, for the City.

Ben Cohen, Miami Beach, for defendants.

A. H. SAPERSTEIN, Judge.

On the facts as stipulated by counsel it appears the Sherry Frontenac hotel maintains and uses on its premises certain facilities for the laundering of the linens used in the course of the hotel's operation. This appears to be a permitted use incidental to the operation of the hotel.

It further appears that the hotel uses these same facilities for the laundering of the linens of the Sovereign hotel, which linens do not include the laundry of the guests but only the linens used by the Sovereign itself. This service is rendered by the Sherry Frontenac to the Sovereign at actual cost and is accounted for financially by

bookkeeping entries as there is some (unspecified but not identical) interlocking of ownership interests in the two hotels.

It further appears that the Sherry Frontenac is located in an REE zone under the city's ordinance 289, commonly known as the "zoning ordinance," of which the court takes judicial notice.

On these agreed facts the defendant Daniel Lifter, individually and as secretary of Lansle, Inc. (the corporation is itself a defendant in one of the two identical charges) is charged with violation of section 5½ of the zoning ordinance—"by operating a laundry on the premises of the Sherry Frontenac hotel, 6565 Collins Avenue in said city and furnishing laundry service in said laundry for the Sovereign hotel, 4385 Collins Avenue in said city, and for the Robert Richter hotel, 3301 Collins Avenue in said city"—to which charges pleas of "not guilty" were entered.

It is further stipulated that Daniel Lifter is the proper defendant and although there is no stipulation as to the relation between Lansle, Inc. and the Sherry Frontenac, the court assumes from the above that the substance of the complaint is that the Sherry Frontenac is violating the zoning ordinance by laundering the linens of the Sovereign on its own premises.

It appears, at least by reasonable inference, that the Sherry Frontenac is not conducting a general laundry business for profit and that the city is not complaining about the washing of its own linens on its own premises. Further, although the charges include the rendering of service to the Robert Richter hotel the stipulation eliminates that hotel, and in order to dispose of the case on its merits the court will consider that portion of the charge to have been deleted on proper motion.

It thus appears that the city is complaining under the zoning ordinance of an improper use of the Sherry Frontenac hotel by that hotel.

The immediate problem before us is solely one of zoning and not to be confused with other forms of regulatory measures such as may exist and be applicable to the present situation.

Zoning is concerned with the use of specific existing buildings and not primarily with their ownership, McQuillin, Municipal Corporations, 3rd Ed., sec 25.07. It follows that it is *the nature of the use of the property involved* and not the interest held, nor by whom the benefit of such use is derived, nor the designation or identification of the user which concerns us.

Nor, unless specifically provided for in the ordinance, is the volume of use a determining factor, 58 Am. Jur., Zoning, sec. 107.

It makes no difference—where not otherwise specified in the ordinance—whether a grocery store, operating as such and properly located under zoning, is a small, owner-operated independent business or a large, absentee, corporation-owned supermarket.

Further, if the Sherry Frontenac is permitted to launder linens on its own premises for its own use it would not (absent other controls) be in violation of the zoning ordinance if it were three times its present size and washed three times as much linen. There is no evidence that it is operating a laundry as an independent business or commercial activity in the ordinary commercial sense of such operation.

It appears only that it is making greater use of a permitted incidental activity—the washing of linens used in hotel operations—than its own immediate needs require. It is this use, i.e., the washing of linens, which is the basis of the complaint. That the Sovereign hotel may indirectly benefit from this use cannot be the basis for a complaint that such use by the Sherry Frontenac of its own premises is illegal.

The court is also of the opinion that the use complained of is not an "accessory use" within the meaning of the phrase as used in item 9 of section 5 of ordinance 289, and further that the existence of a permitted use regulation for laundries as such, in section 9 of ordinance 289, is not determinative of the instant question.

There has been no showing that the use complained of is otherwise violative of ordinance 289, or that it is a nuisance in fact, or that the public health, welfare or safety is threatened, or that the objectives of a comprehensive zoning plan are jeopardized.

It is, therefore, the judgment of the court that the use complained of is not violative of the spirit or the letter of ordinance 289, and the defendants must be and are found to be not guilty.